LANIER, Judge.
This is an appeal by an employee of the Office of Family Security, Department of Health and Human Resources from two adverse decisions of the Commission on Ethics for Public Employees (Commission). This court on its own motion issued a rule to show cause why the appeal should not be dismissed for failure of the Commission to properly date the application for appeal and fix its return date. The Commission filed a motion to dismiss the appeal as untimely.
FACTS
The appellant, Linda Coleman, is an employee of the Office of Family Security, Department of Health and Human Resources serving in the permanent status of Eligibility Worker II in the state classified service and is assigned to the St. Helena Parish Office of Family Security. In this capacity, Coleman was directly responsible as a case worker for the eligibility of Lula B. Smith to receive food stamps. On December 14, 1981, Coleman purchased a one acre tract of land and single family dwelling home from Smith. Coleman then leased this property to Smith for a monthly rental of $130. In a decision filed on October 14, *453 1982, the Commission determined that this conduct by Coleman was a violation of the Code of Governmental Ethics. The Commission ordered Coleman to be suspended without pay for a period of sixty days and pay a fine of $5,000 within sixty days of the date of publication of the decision. The Commission suspended payment of the $5,000 fine provided Coleman reconveyed the property to Smith for a consideration of $2,600 within sixty days free of any mortgages.
Coleman contacted Smith and attempted to reconvey the property to her in accordance with the Commission ruling. Smith refused the offer and subsequently filed suit against Coleman alleging lesion beyond moiety and fraud. On January 25, 1983, Coleman’s attorney appeared before the Commission and advised of the difficulties encountered by Coleman in complying with the Commission’s order. The Commission agreed to delay imposition of the fine until further information could be secured.
On February 28, 1983, the Commission ruled that Smith was entitled to a rental credit of $1,820 from Coleman and that any rescission of the sale must reflect this credit in the purchase price. The Commission further agreed to allow Coleman an extension of sixty days from date of notice to effectuate a rescission of the sale. Smith was notified of the February 28, 1983 rulings of the Commission by letter dated March 10, 1983. This application for appeal was filed by Coleman with the Commission on April 8, 1983.
COMPLIANCE WITH RULE 3-1.2
Whenever a person is aggrieved by an action taken by the Commission, he may appeal directly to this court for relief. This court is mandated to promulgate rules of procedure to be followed in taking and lodging such appeals. La.R.S. 42:1142(A). Rule 3-1.2 of the Uniform Rules of the Courts of Appeal provides as follows:
The administrative body shall endorse on every application for an appeal the. date of its filing and shall fix the return date, which shall not be more than 60 days from the date of filing the application for appeal.[1]
Endorsed on Coleman’s application for appeal is the following:
Rec’d 4-8-83 @ 3:00 p.m. jaj
We have been advised in a joint brief by the parties that “jaj” are the initials of Mrs. Jo Ann Johnson, who is an administrative officer for the Commission. Attached to Coleman’s application for appeal is a notice of appeal form which was developed by the Commission’s staff that fixes the return date of the appeal in this court on June 7, 1983. While it is necessary to endorse the filing date on the application for appeal, there is no requirement that the fixing of the return date be endorsed on the application. The return date need only be fixed timely. There has been compliance with Rule 3-1.2.
The show cause order issued by this court is recalled, vacated and set aside.
TIMELINESS OF APPEAL
Coleman could have asked for a rehearing on the decision of the Commission entered on October 14, 1982, within ten days from its date of entry. La.R.S. 42:1143; La.R.S. 49:959(A). Coleman also had the right to appeal to this court from the October 14, 1982 decision of the Commission within thirty days after that decision became final. La.R.S. 42:1142(A). Coleman did neither. This application was filed on April 8, 1983, well after the delays for applying for a rehearing and/or an appeal had expired. An application for an appeal to this court must be timely for this court to have appellate jurisdiction. When the time fixed by law for appealing has elapsed, the administrative ruling in question becomes final and res judicata. Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir.1983), writ denied 435 *454 So.2d 432 (La.1983). Specifications of error one through four in Coleman’s appeal complain of error involving the Commission’s decision of October 14, 1982. The Commission is entitled to a dismissal of that portion of this appeal.
In assignment of error number five of this appeal, Coleman contends that the Commission committed error by ordering her to give Smith a rental credit of $1,820 against the purchase price of the property. This ruling by the Commission was not made until February 28,1983, and notice of such action was not sent to Coleman until March 10, 1983. Coleman’s appeal from this action is timely and is maintained.
CONCLUSION
For the foregoing reasons, the show cause order issued by this court is recalled, vacated and set aside; that portion of Coleman’s appeal contained in specifications of error numbers one through four is dismissed; and that portion of Coleman’s appeal contained in specification of error number five is maintained. The allocation of costs is reserved for the final disposition of this case.
APPEAL DISMISSED IN PART AND MAINTAINED IN PART.

. Rule 1 of this court effective April 1, 1980, and found after La.R.S. 42:1142 has been superseded by Rule 3-1.2. The rules affecting appeals from all administrative body decisions have been combined into one rule in the Uniform Rules. See comment on Rule 3-1 in Appendix B of the Uniform Rules, Courts of Appeal.