|.WALTER I. LANIER, Jr., J. Pro Tem.
This is an appeal to the 19th Judicial District Court (19th JDC) from a “final permit action” of the Department of Environmental Quality (DEQ) taken by an “interested party”, Save Our Wetlands, Inc. (SOWL). DEQ filed a motion to dismiss the appeal contending it was not filed timely pursuant to La. R.S. 30:2050.21 A. The 19th JDC granted the motion to dismiss with prejudice. This devolutive appeal followed.
FACTS
The Tournament Players Club, Inc. (TPC) intends to build a golf course on land located near the Avondale community in Jefferson Parish, Louisiana. A portion of the land on which the golf course is to be located is classified as wetlands. Because a portion of the land is wetlands, TPC must obtain a permit from the United States Corps of Engineers (Corps) to be able to construct the project. As a prerequisite for the Corps permit, the Corps requires a water quality certification from DEQ. During the certification process, SOWL opposed granting the certification. DEQ granted the water quality certification in a letter that was later stamp dated December 21, 1999. Certification letters were mailed to all interested parties, including SOWL, on December 29, 1999. This appeal was filed in the 19th JDC on February 24, 2000.
TIMELINESS OF APPEAL
In its only assignment of error, SOWL asserts “(T)he lower court erred by not allowing the appellant [SOWL] to bring an action for absolute nullity, based on the violation of clearly announced public policy that is patent on the face of a decision issued by the Louisiana Department of Environmental Quality, at the district court level, when the judgment being questioned was an administrative decision on a Water Quality Certification rendered by the La. Department of Environmental Quality without adjudicatory hearing by Department.” SOWL asserts that “(D)elays do not run against judgments that are absolutely null”, and “(I)n this statutory scheme a ‘final decision’ of the secretary is analogous to a judgment by the court.” SOWL than asserts the permit |.action taken by DEQ is an absolute nullity and can be raised at any time; citing, among other authorities, La. C.C.P. art. 2002 and Hebert v. Hebert, 96 2155 (La.App. 1 Cir. 9/19/97), 700 So.2d 958, 959. SOWL concludes by asserting that “the action filed by the appellant [SOWL] is not subject to the limits of La. R.S. 30:2050.21.”
Nullity of Judgment
La. Const, of 1974, art. II, Sec. 1 provides that “(T)he powers of government of the state [of Louisiana] are divided into three separate branches: legislative, executive, and judicial.” La. Const, of 1974, art. IV provides for the executive branch of state government and provides, in pertinent part, in Section 1(B) that “all offices, agencies, and other instrumentalities of the executive branch... shall be allocated according to function within not more than twenty departments”. This constitutional mandate is satisfied in La. R.S. 36:4. DEQ is listed as La. R.S. 36:4 A(4) in the listing of the twenty executive branch departments. See also La. R.S. 30:2011 and La. R.S. 36:231. The authority and administrative powers of DEQ are provided for in the Louisiana Environmental Quality Act, La. R.S. 30:2001 et seq. Actions of DEQ are performed in the executive branch of state government.
*748 Access to the courts (the judicial branch of State government) is provided for in La. Const, of 1974, art. I, § 22. The legislature (legislative branch) has the authority to provide the manner by which access to the courts is accomplished. See, for example, La. C.C.P. art. 863 et seq; La.C.Cr.P. art. 381 et seq; La. Ch.C. art. 842 et seq. In the instant case, the legislature (legislative branch) has provided for access to the courts (judicial branch) for disputed administrative actions of DEQ (in the executive branch) by enacting La. R.S. 30:2050.21 A which is titled “Judicial review; appeal” and provides as follows:
An aggrieved person may appeal de-volutively a final permit action, a final enforcement action, or a declaratory ruling only to the Nineteenth Judicial District Court. A petition for review must be filed in the district court within thirty days after notice of the action or ruling being appealed has been given. The district court shall grant the petition for review. (Emphasis added.)
|/The authority of the legislature to do this is found in La. Const, of 1974, art. V, § 16(B). It is not contested that the subject of this appeal is a final permit action.
La. C.C.P. art. 2002 provides that “(A) final judgment shall be annulled if it is rendered” against an improperly represented incompetent person, a defendant who has not been served or one with whom issue has not been joined or by “a court which does not have jurisdiction of the subject matter of the suit.” (Emphasis added.) Article 2002 further provides that “an action to annul a judgment on the grounds listed in this Article may be brought at any time.” (Emphasis added.) In Hebert v. Hebert, 700 So.2d at 959-960, this court observed that a judgment that (1) was rendered against a person who was not a party defendant, (2) amended & judgment substantively or (3) contained a contra bones mores condition, was absolutely null and could be attacked at any time in a court.
The judicial power of the state is provided for in Article V of the constitution. This power applies in civil, criminal and juvenile matters. La. Const. of 1974, art. V, § 5, 10, 16, 18 and 19. The legislature has provided for proceedings in civil matters in the judicial branch in the Louisiana Code of Civil Procedure. La. C.C.P. art. 421 provides that “(A) civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.” (Emphasis added.) A court of competent jurisdiction is one “which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding”. (Emphasis added.) La. C.C.P. art. 5251(4). A judgment is a court’s “determination of the rights of the parties in an action .... ” La. C.C.P. art. 1841. La. C.C.P. art. 2002 is found in the Code of Civil Procedure in Section 3 (Action of Nullity), of Chapter 4 (Modification in Trial Court) of Title VI (.-Judgments) of Book II (Ordinary Proceedings). Clearly, the action of nullity is available in a court to modify a judgment of a court.
A department in the executive branch is not a court in the judicial branch. A final permit action (adjudication) by DEQ is not a judgment of a court. The appellant is I snot attempting to nullify a judgment of a court in the judicial branch; the appellant is attempting to have the judicial branch nullify a final permit action of a department of the executive branch. Any authority for doing this must be found in La. R.S. 30:2001 et seq. The decision being challenged is not a judgment of a court and Article 2002 is not applicable.
*749 Timeliness
Pursuant to La. R.S. 30:2050.21 A SOWL had a right to appeal the DEQ action to the 19th JDC “within thirty days after notice of the action ... being appealed has been given”. The notice of the action was mailed on December 29, 1999, SOWL did not file its appeal with the 19th JDC until February 24, 2000, well after the time for appealing had expired. An application for an appeal to a court from an administrative decision must be timely for a court to have appellate jurisdiction. Lay v. Stalder, 99 0402 (La.App. 1 Cir. 3/31/00), 757 So.2d 916; Hospital Corporation of American v. Robinson, 506 So.2d 938, 939-940, (La.App. 1 Cir.1987). When the time fixed for appealing has elapsed, the administrative ruling in question becomes res judicata.[2] Coleman v. Commission on Ethics for Public Employees, 439 So.2d 451, 453 (La.App. 1 Cir.1983).
The ruling of the 19th JDC that dismissed SOWL’s appeal as untimely is correct.
This assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the district court is affirmed. The appellant is cast for all costs of this appeal.
AFFIRMED.

. The rationale of this decision applies when access to the judicial branch is accomplished by way of the appellate jurisdiction of a district court. We do not consider how the legislature may provide for access to the original jurisdiction of a district court for disputes involving administrative actions of the executive branch.