| pFOIL, Judge.
This appeal challenges the trial court’s dismissal of a nullity action. We reverse.
BACKGROUND
On November 23, 1995, Kathleen Laba-tut was involved in an automobile accident with Kieffer Bailey at an intersection in Baton Rouge, Louisiana. Kathleen died as a result of injuries sustained in the accident, and on February 26, 1996, her parents (the Labatuts) filed a wrongful death action in the 19th Judicial District Court for the Parish of East Baton Rouge. Named as defendants were Bailey and his alleged automobile liability insurer, Mississippi Farm Bureau Mutual Insurance Company (Farm Bureau). The case was assigned to Division “D” of the 19th JDC. Farm Bureau was served with the wrongful death petition on March 1, 1996, and filed an answer to the action on April 10, 1996.
On June 17, 1996, Farm Bureau filed a petition for a declaratory judgment in the Circuit Court of Lincoln County, Mississippi, seeking a determination that the policy it issued to Bailey did not afford coverage of the November 23, 1995 accident in the State of Louisiana due to non-payment of the premium. Bailey was served with a copy of the complaint and filed an answer through his Mississippi attorney. Farm Bureau filed a motion for summary judgment in that case, and Bailey’s attorney filed a response thereto. On September 22, 1997, the Mississippi court granted the motion for summary judgment, finding that Bailey failed to pay his policy premium, the policy was properly cancelled by Farm Bureau, and there was no coverage in effect for Bailey on the date of his accident with Kathleen Labatut. No appeal was taken from this ruling.
On December 29, 1997, Farm Bureau filed a petition in the 19th JDC, seeking to make the Mississippi judgment executory in accordance with the Enforcement of Foreign Judgments Act, La. R.S. 13:4241-4247. The case was assigned to Division “N”. On March 27, 1998, the Division “N” judge [¡¡entered an order decreeing the Mississippi court’s order to be made judgment of the court.[1]
On September 24, 1998, the Labatuts filed a petition seeking to annul the March 27, 1998 judgment. Plaintiffs averred despite the fact Farm Bureau had appeared and filed responsive pleadings in the wrongful death suit, Farm Bureau did not serve or otherwise give notice to them of *216 the declaratory judgment action in Lincoln County, Mississippi, nor did it apprise them of their petition in the 19th JDC to make the Mississippi judgment executory. They sought to annul the judgment under article 2004 of the Louisiana Code of Civil Procedure, alleging that the judgment was obtained through ill practices because Farm Bureau failed to notify them of the proceedings so that they could assert an interest therein.
The trial judge denied the petition, finding that the Labatuts failed to demonstrate that they had a legal right to notice of the proceedings under Louisiana or Mississippi law. This appeal, taken by the Labatuts, followed.
DISCUSSION
Louisiana Code of Civil Procedure article 2004 provides that any final judgment obtained by “fraud or ill practices” may be annulled. The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations where a judgment is rendered through some improper practice or procedure. Belle Pass Terminal, Inc. v. Jolin, Inc., 2001-0149, p. 5 (La.10/16/01), 800 So.2d 762, 766. A judgment is subject to nullification for fraud or ill practices when two criteria are met: (1) the circumstances under which the judgment was rendered show a deprivation of the legal rights of the litigant seeking relief; and (2) enforcement of the judgment would be unconscionable or inequitable. Id., 2001-0149 at p. 6, 800 So.2d at 766.
LAppellants claim that Farm Bureau failed to notify them of the declaratory action in Mississippi and the subsequent executory action in Louisiana because it intended to deprive them of the benefit of coverage under the Bailey policy. They submit that they had a substantial and vested interest, as well as a legal right to participate in both proceedings to defend against Farm Bureau’s attempt to deny coverage for the Bailey vehicle, and thus Farm Bureau violated their due process rights. Appellants urge that enforcement of the judgment making the declaratory judgment in Mississippi enforceable results in a severely inequitable and unconscionable result. Therefore, they seek to have this court set the judgment aside and remand the issue of coverage to be decided in the wrongful death action so that a resolution of this issue can be made by the trier of fact after appellants have notice and an opportunity to address this issue at trial.
We agree that the procedure utilized by Farm Bureau in this case rises to the level of “ill practices.” Even if it was an astute legal maneuver, the net result is that the “rush to judgment” in Mississippi endeavored to foreclose a determination of the coverage issues by a Louisiana court where there was a prior and pending litigation against the insured and the insurer relative to an accident on a Louisiana highway involving Louisiana citizens. Although it may very well be that under the choice-of-law analysis and in consideration of the contractual rights between the insurer and insured in the State of Mississippi, that Mississippi law would be applied by the Louisiana court. However, that is a determination that should be made under Louisiana conflicts of law codal provisions.
In any event, the essence of the inquiry for the purposes of this nullification action is not whether Mississippi law or Louisiana law is to be applied in adjudication of the rights of these particular party litigants. The inquiry is whether Louisiana has and maintains a compelling public interest and jurisdiction to utilize its choice-of-law analysis or statutory enactments in pending litigation or whether this state can *217 be foreclosed by another Estate's determination of contractual rights on issues already in litigation in Louisiana.
There are foreseeable consequences of abuse by allowing determinations of issues in litigation pending in this state by courts of other states and then, without formal notice of the proceedings to the parties involved, having that judgment made exec-utory in Louisiana. Even where plaintiffs have notice of proceedings in a foreign state that may adversely impact them, it may be necessary to litigate an issue in Alaska or Maine when the underlying cause of action is pending in Louisiana. That would be an onerous burden. And for those plaintiffs who, as in this case, are not given formal notice of the subsequent proceedings to make a foreign judgment executory in Louisiana, their remedy would he only in the appellate process after learning of the judgment. This too would be an onerous burden.
Louisiana, with unquestioned jurisdiction over the defendants in the underlying tort suit, has a preemptive right and a clear and compelling public interest to adjudicate the rights of party litigants in pending litigation without being foreclosed of its right to exercise the choice-of-law analysis or apply special statutes by an intervening judgment of a foreign state.
Therefore, we find that the judgment obtained without notice to the appellants and making the foreign judgment executo-ry is contrary to public policy and violative of appellants’ due process rights as indispensable parties.
Accordingly, we find that the trial court erred in failing to declare the executory judgment null and void. We hereby annul and set aside that judgment, and remand this case to the trial court to conduct proceedings not inconsistent with this opinion. All costs of this appeal are assessed to appellees, Mississippi Farm Bureau Mutual Insurance Company.
JUDGMENT ANNULLED; REMANDED.

. According to appellant’s brief, Farm Bureau filed a motion for summary judgment in the wrongful death action based on the judgment in the executory action, which was denied by the Division "D” judge due to the pending annulment action.