999 So.2d 51 (2008)
Walter E. JOHNSON, Jr.
v.
N. Burl CAIN, Warden, Louisiana State Penitentiary and John L. Calvert, Director, Classification Department.
No. 2008 CA 0936.
Court of Appeal of Louisiana, First Circuit.
November 14, 2008.
*52 Walter E. Johnson, Jr., Angola, LA, Plaintiff-Appellant, In Proper Person.
Terri Lynn Cannon, Baton Rouge, LA, for Defendant-Appellee, Richard Stalder.
Before PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
In this case, plaintiff, an inmate in the custody of the Department of Public Safety and Corrections, challenges the trial court's judgment denying his petition to annul a previous judgment of the trial court whereby his request for judicial review was dismissed with prejudice. For the reasons that follow, we affirm.
In the underlying request for judicial review, plaintiff sought review of Administrative Remedy Procedure No. LSP-2003-3946, concerning the reduction/taking of his incentive wages without due process. On August 25, 2005, the trial court dismissed plaintiffs suit with prejudice. This court subsequently affirmed in a summary disposition. See Johnson v. Cain, XXXX-XXXX (La.App. 1 Cir. 11/2/07), 966 So.2d 1245 (unpublished opinion). Thereafter, plaintiff filed a petition to annul the trial court's August 25, 2005 judgment, arguing that the judgment was "an absolute nullity for defects patent on its face or which [facts] could be determined from the pleadings, or the record as it was developed."
In his petition to annul, plaintiff cited State ex rel. Giles v. Cain, 99-2328 (La.6/2/00), 762 So.2d 1116, asserting that "threat to security," the rule violation he was found guilty of in June 2000, was an invalid rule violation. Thus, plaintiff maintained, the reduction in wages that resulted from his infraction was invalid, and the trial court's August 25, 2005 judgment was, therefore, an absolute nullity and must be held null and void. In a judgment signed on January 14, 2008, the trial court denied the petition to annul. The instant appeal by plaintiff followed.
According to La.Code Civ. P. art. 2004, any final judgment obtained by fraud or ill practices may be annulled. However, Article 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983). When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing "how he was prevented or excused" from asserting his claims or defenses. State Through Dept. of Social Services, 94-2605 at 4, 671 So.2d at 407 (quoting Foret v. Terrebone, Ltd., 93-676 (La.App. 5 Cir. 1/25/94), 631 So.2d 103, 105).
*53 A judgment is subject to nullification for fraud or ill practices when two criteria are met: (1) the circumstances under which the judgment was rendered show a deprivation of the legal rights of the litigant seeking relief; and (2) enforcement of the judgment would be unconscionable or inequitable. Mississippi Farm Bureau Mut. Ins. Co. v. Bailey, XXXX-XXXX, p. 3 (La.App. 1 Cir. 3/28/02), 818 So.2d 214, 216.
An action to annul a judgment pursuant to Article 2004 must be by direct action, i.e., in a proceeding brought for the express purpose of annulling the judgment. "By a direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits." Nethken v. Nethken, 307 So.2d 563, 565 (La.1975).
It is imperative that courts review a petition for nullity closely as an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. The purpose of an action for nullity is to prevent injustice that cannot be corrected through new trials and appeals. Belle Pass Terminal, Inc. v. Jolin, Inc., XXXX-XXXX, p. 5 (La.10/16/01), 800 So.2d 762, 766. Trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, to which discretion reviewing courts will defer. Wright v. Louisiana Power & Light, XXXX-XXXX, p. 12 (La.3/9/07), 951 So.2d 1058, 1067.
According to the instant record, plaintiff cited State ex rel. Giles v. Cain, supra, and raised the identical argument concerning the "threat to security" rule violation during the administrative review process below and in his appeal of the trial court's August 25, 2005 judgment. Plaintiff was unsuccessful in both attempts. Plaintiff then filed a petition to annul raising the same issues for yet a third time. This is certainly not what our legislators intended when Article 2004 was enacted. Rather, an action in nullity is designed to prevent injustice that cannot be corrected through new trials and appeals. Belle Pass Terminal, Inc., XXXX-XXXX at 5, 800 So.2d at 766. We conclude that plaintiffs petition for nullity, when considered with the entire record of the original proceedings, simply seeks to present more of the same evidence on the same factual issues that have already been reviewed below by the trial court and on appeal by this court. Plaintiff is not entitled to keep "retrying" the same issues until he obtains a favorable result. The action for nullity was never intended for such a purpose. We cannot say that the circumstances under which the August 25, 2005 judgment was rendered show that plaintiff was deprived of any legal rights or that enforcement of the judgment would be unconscionable or inequitable. See Mississippi Farm Bureau Mut. Ins. Co., XXXX-XXXX at 3, 818 So.2d at 216. The trial court acted within its discretion in denying plaintiffs petition to annul.[1]
*54 For the above and foregoing reasons, the judgment of the trial court denying plaintiffs petition to annul is affirmed. All costs associated with this appeal are assessed against plaintiff. We issue this memorandum opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1B.
AFFIRMED.
NOTES
[1] As plaintiffs petition to annul was initiated as a civil action, the trial court, pursuant to La. R.S. 15:1188, was able to screen the petition. As set forth in La. R.S. 15:1188(A), "The court shall review, before docketing if feasible or, in any event, before service on the defendants, a petition in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Moreover, "the court shall identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, fails to state a cause of action, . . . or fails to state a claim upon which relief can be granted." La. R.S. 15:1188(A). This provision, which is part of the Prison Litigation Reform Act, was enacted in 1997 to curtail baseless or nuisance suits by prisoners. Pope v. State, 99-2559, p. 12 n. 16 (La.6/29/01), 792 So.2d 713, 720 n. 16. Under La. R.S. 15:1188, the district court in the judicial screening stage is acting as a trial court, rather than in judicial review of the determination of another tribunal.