CRAIN, J.
|2The Louisiana Department of Public Safety and Corrections (DPSC) appeals a judgment of the district court reversing its decision with respect to a prisoner’s request for administrative remedy procedure, and ordering DPSC to grant the prisoner the disputed good time credits.[1] We reverse.
*1078 FACTS AND PROCEDURAL HISTORY
Ted Addison is in the custody of DPSC, serving a twenty-year sentence for an armed robbery 'conviction. He claims to be entitled'to three hundred forty-five days of Certified Treatment and Rehabilitation Program (CTRP) good time credits based on his participation in job skill training in the field of culinary arts and in a sign language program. When the credits were not applied to recalculate his good time release date, Addison filed a request for administrative relief (RCC-2014-109) pursuant to the Louisiana Corrections, Administrative Remedy Procedure Act (CARP).[2] The request was denied. At the first step of the CARP process, Addison was told that although he received a competency certificate for working in the prison cafeteria, that certificate did not entitle' him to CTRP credits, With regard to the sign language program, Addison was informed that the credits must be awarded by the facility where the class was completed. At the second step, Addison was told he had not participated in or completed a culinary arts program that qualified him for CTRP credits and he had been removed from the sign language program prior to completion, therefore he was not entitled to any CTRP credits.
| ¡¡Addison filed a petition for judicial review in the district court. The district court’s Commissioner recommended that DPSC’s decision be reversed and that the credits be granted. ' The Commissioner reasoned that Addison was entitled to 180 days of CTRP credits for his six months of on-the-job training as a cook, and entitled to a minimum of ten days per month CTRP credits for each month of satisfactory completion of the sign language courses. After considering the Commissioner’s rd-port, DPSC’s traversal, and Addison’s re-sponsé to that traversal, the district court agreed with the Commissioner, reversed DPSC’s decision and ordered that Addison be granted the disputed credits.
DISCUSSION
Judicial review of this matter is governed by Louisiana Revised Statutes 15:1177. Under that statute, a reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La, R.S) 15:1177 A(9). On appeal of the district court’s judgment; the appellate court reviews the administrative record de novo under the criteria of Section 1177A(9), owing no deference to the factual findings or legal conclusions of the district court. See Branch v. Louisiana Dept. of Public Safety and Corrections, 12-0749 (La.App. 1 Cir. 12/21/12), 111 So.3d 1059, 1060-61.
14Addison" claims that DPSC erred in denying him CTRP credits for his completion of a culinary arts job skill training program. Attachment A to Regulation B-04-003, the CTRP good time awards chart, states, “All Basic Education, Job Skill Training and Industry Based Certification Programs Will Earn 180 Days Upon Program Completion.” • “Culinary Arts” is listed as a program under the heading of *1079 “Job Skill Training.” Addison submitted a copy of a competency certificate he received which certifies his completion of six months on-the-job training as a cook.
DPSC decided that the on-the-job training certificate did not entitle- Addison to CTRP credits. The CTRP good time awards chart supports that decision. Under the heading “Job Skill Training,” the chart states, “All programs certified by the Louisiana Community & Technical College System or other state recognized education agency-to include, at a minimum, the following: ... Culinary Arts.” Addison has not alleged that he completed a culinary arts program certified by a state education agency. His certificate only certifies that he completed job training as .a cook in the prison’s cafeteria. Therefore, on the record before us, DPSC correctly denied Addison’s request for CTRP credits for job skill training in the field of culinary arts.
Addison also claims that DPSC erred in denying him CTRP credits for his participation in the sign language program. That claim is premised on Addison’s interpretation of Department Regulation B-04-003, which sets forth the procedures for awarding good time credits for CTRP participation. The regulation provides that “[ojffenders are eligible for CTRP ... credits when they either successfully complete or participate in a certified treatment |fiand rehabilitation program sponsored by the facility.” See Regulation B-04-003 § 7B.
It is undisputed that the sign language program qualified for CTRP credits and that Addison took eight Sign language courses between September 14, 2010 and November 3, 2011, but was removed from the program before completing it. While acknowledging that he is not entitled "to the full number of CTRP credits that would be earned for successfully completing the program, Addison claims he is entitled to CTRP credits at a rate of ten days per month under Section 14G of the regulation, which provides:
Offenders who do not complete or are removed from course participation prior to successful completion of the course in accordance with Section 10. of this regulation, shall receive CTRP credits at the rate of ten'days per month, not to exceed one half of the maximum amount allowed for course completion.
The credits allowed by Section 11G for partial completion are limited by Section 10, which provides:
ACCEPTABLE DISCONTINUANCE OF COURSE PARTICIPATION:
A. ■ Removal due to medical or mental health reasons.
B. Transfer to another facility and the transfer will interrupt course participation.
C. Removal is the result of reclassification, such as housing assignment or job assignment that makes the offender unable to continue, participation in the course when the result of the change is not related to disciplinary reasons.
D. Circumstances, that would no longer allow the offender to participate in the course that are no fault of the offender.
Note: Good time credit shall- not be awarded to offenders who leave a CTRP for any other reason unless approved by the Warden of state correctional facilities or the Sheriff or Administrator of local jail facilities.
According to the administrative record, Addison wás removed from the sign language program by its director. The record does not establish that [ ¡Addison left the program for any of the acceptable reasons under Section 10, or -for reasons approved by a warden, sheriff, or jail ad *1080 ministrator. Consequently, we find that DPSC correctly denied CTRP credits for the sign language program.
CONCLUSION
After de novo review of the administrative record, we find no basis for reversing DPSC’s administrative decision. The district court erred in concluding otherwise. The judgment of the district court is reversed. Costs of this appeal are assessed to Ted Addison.
REVERSED.

. Louisiana Revised Statute 15:1177(A)(10) authorizes an aggrieved party to appeal a final judgment of the district court.

. An inmate alleging an error in computation of good time credits is required to pursue his claim through CARP. Whitehead v. Rogers, 13-0657 (La.App. 1 Cir. 12/27/13), 2013 WL 6858297, p. 1 n. 1, writ denied, 14-0227 (La. 10/3/14), 149 So.3d 791.