STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1244

WALTER E. JOHNSON, JR.

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: __**MAY** 1 1 **2020**__

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 647,885

The Honorable Wilson E. Fields, Judge Presiding

* * * * *

Walter E. Johnson, Jr.                    Plaintiff/Appellant
Angola, Louisiana                         In Proper Person

Heather C. Hood                           Attorney for Defendant/Appellee,
Baton Rouge, Louisiana                    Louisiana Department of Public
                                          Safety and Corrections

* * * * *

BEFORE:   HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Appellant, Walter E. Johnson, Jr., an inmate in the custody of the Louisiana Department of Public Safety and Corrections[1] (Department), housed at Louisiana State Penitentiary (LSP) in Angola, Louisiana, appeals a judgment of the district court that dismissed his petition for judicial review with prejudice. Based on our review of the record, we affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

We first note that Johnson has a long history of seeking administrative review stemming from a disciplinary action that occurred on June 6, 2000, wherein he was charged with being a "Threat to Security (Writing and Transporting Threatening 'Kites')," and subsequently found guilty. *See Johnson v. Cain*, 2013-0323 (La. App. 1st Cir. 6/30/14), 2014 WL 2959297, at *1 (unpublished), *writ denied*, 2014-1750 (La. 6/1/15), 171 So. 3d 931 (*Johnson III*). As noted in *Johnson III*, he originally filed Administrative Remedy Procedure (ARP) LSP 2003-3946 on December 27, 2003, contending that his incentive wages of $0.20 per hour were taken from him without a notice or hearing. The ARP was denied, and the district court dismissed the petition for judicial review, which was affirmed by this court. *Johnson v. Cain*, 2007-0164 (La. App. 1st Cir. 11/2/07), 2007 WL 3227655 (unpublished) (*Johnson I*). Johnson thereafter sought to annul the district court judgment dismissing his petition, claiming that based upon *State ex rel. Giles v. Cain*, 1999-2328 (La. 6/2/00), 762 So. 2d 1116, a "threat to security" rule

---

[1] Johnson named as defendants in his petition for judicial review James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, Darrel Vannoy, Warden of the Louisiana State Penitentiary, and Trish Foster, Director of Legal Programs at Louisiana State Penitentiary. However, the only proper defendant in an administrative appeal filed by a prisoner is the Louisiana Department of Public Safety and Corrections. *See* La. R.S. 15:1177(A)(1)(b); *Martinez v. Tanner*, 2011-0692 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1082 n.1, *writ denied*, 2011-2732 (La. 7/27/12), 93 So. 3d 597.

2

violation was invalid, and therefore, the district court judgment was an absolute nullity. The district court denied the petition to annul, and this court affirmed on appeal, noting that an action in nullity is designed to prevent injustice that cannot be corrected through new trials and appeals, not for the purpose of allowing a plaintiff to retry the same issues until he obtains a favorable result. *Johnson v. Cain*, 2008-0936 (La. App. 1st Cir. 11/14/08), 999 So. 2d 51, 53, *writ denied*, 2009-0295 (La. 4/3/09), 6 So. 3d 773 (*Johnson II*).

In 2009, Johnson filed LSP 2009-1519, again raising the same argument concerning the charge of "threat to security." This ARP was rejected as untimely, and the district court dismissed Johnson's petition for judicial review. *Johnson III*, 2014 WL 2959297, at *2. This court affirmed that decision, noting that Johnson did not seek a petition for judicial review within 30 days from the date he received notice of the decision rejecting his ARP. *Johnson III*, 2014 WL 2959297, at *2-3.

On February 15, 2016, Johnson filed yet another ARP, LSP 2016-0580, in which he asserted that *Giles v. Cain*, 98-0212 (La. App. 1st Cir. 4/19/99), 734 So. 2d 109, *writ granted in part, judgment vacated in part sub nom. State ex rel. Giles v. Cain*, 1999-2328 (La. 6/2/00), 762 So. 2d 1116, resulted in the "invalidation of Rule #1 threat to security."[2] The warden rejected LSP 2016-0580 on March 4, 2016, without assigning reasons. On April 27, 2016, Johnson filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC) seeking review of LSP 2016-0580 and claimed that the Department's decision to reject his claim was arbitrary and an abuse of power because he was not provided with written

---

[2] Johnson is referring to Rule #1 of the Disciplinary Rules for Adult Offenders contained in LAC 22:I.341(I), which forbids contraband.

3

reasons for the rejection.[3] He asserted that the agency "falsely and fraudulently subjected" him to a rule violation that had previously been deemed unconstitutional. He claimed that as a result of the rule violation he was subjected to cell confinement and a reduction of wages. Johnson sought an order directing the Department to re-open his case and to provide him back pay from the year 2000 until a final judgment was rendered herein. Johnson attached to the petition for judicial review a copy of the March 4, 2016 rejection of LSP 2016-0580, listing the date of the incident as the year 2000, which does fail to provide written reasons for the rejection of his claim. The petition for judicial review did not specifically allege the date of the rule violation, but Johnson subsequently filed a pleading attaching the relevant incident report stemming from the June 6, 2000 incident.

On May 10, 2016, the 19th JDC Commissioner[4] (Commissioner) ordered the Department to file a response to the petition for judicial review. On June 15, 2016, Johnson filed an amended petition for judicial review, seeking specific relief by ordering the Department to declare whether he had been punished in June of 2000 for violating the rule of "threat to security" after the rule had been declared unconstitutional. Johnson again sought back pay plus interest. He attached a second rejection of his claim by the Department dated May 23, 2016, which was issued subsequent to the Commissioner's order to file a response, that specifically provided:

---

[3] We note that in his petition for judicial review, Johnson was specifically asked if he had "begun any other lawsuits in state or federal court dealing with the same facts involved in this action or the same administrative grievance[.]" Despite the above recitation of the prior lawsuits involving the disciplinary action stemming from the June 6, 2000 incident, Johnson responded "NO" to the above question.

[4] The Office of Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); *see Martinez*, 79 So. 3d at 1084 n.3.

4

REJECTED:     Your request had been rejected for the following reason(s):

THE DATE OF INCIDENT IS MORE THAN 90 DAYS PAST DUE SO THEREFORE YOUR ARP IS BEING REJECTED DUE TO IT BEING UNTIMELY FILED.  ARP'S MUST BE FILED WITHIN 90 DAYS OF THE INCIDENT.

Johnson also filed a pleading on July 11, 2016, entitled "amended defense," claiming that Rule #1 violations had been declared unconstitutional prior to his having been found guilty of such violation as a result of a year 2000 disciplinary report.[5]

On August 11, 2016, the Department filed an exception of subject matter jurisdiction averring that Johnson's request for relief was moot and no longer presented a justiciable controversy, as a written reason for the rejection was provided in the May 23, 2016 response.   The Department attached the administrative record that contained a copy of Johnson's initial grievance dated February 15, 2016.   Again, in the initial grievance, Johnson did not allege a specific date upon which a violation occurred, but sought back pay from the year 2000 and sought to have the Department re-open the disciplinary proceeding to review the validity of the Rule #1 violation.   Johnson opposed the exception, claiming that because the disciplinary judgment was unconstitutional, it was a nullity and could not be untimely as asserted by the Department.[6]

The Commissioner initially issued a screening report on November 16, 2016, determining that Johnson's appeal was not timely filed pursuant to La. R.S. 15:1177(A), which required an appeal to be filed within 30 days of receipt of the

---

[5] In this pleading and others throughout the record before us, Johnson did not specifically refer to the date of the disciplinary report, but the record is clear that he is referring to the June 6, 2000 disciplinary report.

[6] The record does not reflect a ruling in connection with subject matter jurisdiction.

5

final agency decision. *See Tatum v. Lynn*, 93-1559 (La. App. 1st Cir. 5/20/94), 637 So. 2d 796, 797. The agency decision that Johnson complained of occurred in the year 2000.[7] The Commissioner also noted that the 30-day period was peremptive rather than prescriptive and not subject to interruption or suspension. *See Carter v. Lynn*, 93-1583 (La. App. 1st Cir. 5/20/94), 637 So. 2d 690, 691. Therefore, the Commissioner recommended that the petition for judicial review be dismissed without prejudice. On December 7, 2016, Johnson filed an objection to the Commissioner's report and attached a copy of the original incident report dated June 6, 2000, and a copy of the Louisiana Supreme Court decision in *Giles*, dated June 2, 2000.

On January 11, 2017, the district court adopted the recommendation of the Commissioner and signed a screening judgment dismissing the petition for judicial review without prejudice. Thereafter, on January 31, 2017, Johnson filed a pleading entitled "reconsideration of screening judgment." On March 6, 2017, the 19th JDC granted Johnson an appeal of the January 11, 2017 judgment. While the appeal was pending, Johnson filed a pleading entitled "motion to nullify judgment" on March 28, 2017, seeking to annul the January 11, 2017 judgment on the basis that his petition for judicial review was not untimely. The appeal was dismissed on May 1, 2017, following the issuance of a rule to show cause by this court based on prematurity. Johnson then filed a writ application with this court, seeking a ruling by the district court on his "reconsideration of screening judgment." On January 8, 2018, this court granted the writ and ordered the district court to determine whether Johnson's "reconsideration of screening judgment," which was analogized to an

---

[7] At the time of the Commissioner's screening report, the administrative record, petition for judicial review, amended petition for judicial review, and amended defense did not contain a specific date of which Johnson complained regarding the disciplinary action.

application for rehearing in the appellate court, was timely filed pursuant to La. C.C.P. art. 2166 and *Tatum*, 637 So. 2d 796. If timely filed, the district court was ordered to promptly rule on the "reconsideration of screening judgment."

Following this court's order, the Commissioner scheduled a hearing that was held on February 21, 2018. Johnson participated via video conference. The Commissioner informed Johnson that rather than making a determination as to the timeliness of the "reconsideration of screening judgment," she was going to forward the matter to the presiding judge for consideration. Although the district court's order is not in the record before us, a minute entry reflects that the district court granted Johnson's motion to nullify judgment "for the purpose of remanding this matter back to the Commissioner to reconsider whether his [grievance] in ARP [No.] LSP 2016-0580 was properly rejected as untimely."

A second hearing was held on April 25, 2018, before the Commissioner. Johnson again participated via video conference. Johnson argued that his disciplinary rule violation on June 6, 2000, was based on a rule that was determined to be unconstitutional on June 2, 2000, by the Louisiana Supreme Court in *State ex rel. Giles v. Cain*, 1999-2328 (La. 6/2/00), 762 So. 2d 1116 (hereinafter "Louisiana Supreme Court decision in *Giles*"). Johnson claimed that the rule he violated was not published to the inmate population providing notice of what constituted a "threat to security." He also claimed that there was no time "limitation on an absolute null [sic] administrative proceeding," and based his argument upon La. C.C.P. art. 2002 and La. R.S. 15:1177(A)(9). Following the hearing, the Commissioner remanded the matter back to the Department to provide an amended response addressing the merits of Johnson's ARP.

7

The Department subsequently filed a notice of compliance attaching its first step response dated November 28, 2018, denying Johnson's request. The Department found no merit to the claim or that Johnson was owed incentive wages from the year 2000 until the present. The Department's first step response appears to be based on the language and facts contained in *Giles v. Cain*, 1999-1201 (La. App. 1st Cir. 6/23/00), 762 So.2d 734,[8] which is a different case than that relied upon by Johnson. Johnson proceeded to the second step, and the Department issued a response on March 29, 2019, recognizing the Louisiana Supreme Court decision in *Giles*. The Department averred that Rule #1 was not invalidated at the time of Johnson's disciplinary proceeding. Specifically, the Department determined:

> The ruling from Giles v. Cain does state in part that "Threat to Security" is not a disciplinary rule violation; however, you were brought in front of the Disciplinary Board for a Rule #1 violation and you received a full due process hearing. There is no documentation to support your claim that you were found guilty of "Threat to Security." Lastly, there is no record of you filing a disciplinary appeal regarding said disciplinary report for said [R]ule #1 violation.

Therefore, Johnson's request for relief was denied.

Following the second step response, on April 30, 2019, Johnson filed a pleading entitled "2019 amended petition for judicial review." He alleged that the March 29, 2019 final decision was invalid and ignored the Louisiana Supreme

---

[8] The Department appears to be referencing the language and facts in *Giles v. Cain*, 1999-1201 (La. App. 1st Cir. 6/23/00), 762 So. 2d 734, 739-40 (Edwin Giles case) (which pertained to **Edwin Giles** and whether a planned escape was a "threat to security"). Both the Department and the Edwin Giles case cited *Giles v. Cain*, 1998-0212 (La. App. 1st Cir. 4/19/99), 734 So. 2d 109, 114-115 (which pertained to **Tony Giles** and whether a "threat to security" was a valid charge when it pertained to possible violent "retaliation due to welching on a dope deal"). Neither the Department nor the Edwin Giles case recognized or mentioned that the Louisiana Supreme Court vacated the judgment in *Giles v. Cain*, 1998-0212 (La. App. 1st Cir. 4/19/99), 734 So. 2d 109, 114-115, *writ granted in part, judgment vacated in part sub nom. State ex rel. Giles v. Cain*, 1999-2328 (La. 6/2/00), 762 So. 2d 1116, based on the dissenting opinion of Judge Shortess of the First Circuit, as argued herein by Johnson.

Court decision in *Giles*. He attached the initial incident report, which bears the date of June 6, 2000, and the charge of "Threat to Security (Writing and Transporting Threatening 'Kites')" of which he was found guilty on July 12, 2000. Johnson asserted that maximum security cell confinement was imposed on him and he was deprived of incentive wages of $0.20 cents per hour that were reduced to $0.02 cents per hour where they have remained for 19 years.[9]

The Commissioner amended the report on June 14, 2019, finding that the Louisiana Supreme Court decision in *Giles* did not make a determination as to the constitutionality of a "threat to security" rule violation employed in the Disciplinary Rules for Adult Offenders. The Commissioner also noted that Johnson was seeking to revisit a disciplinary violation from the year 2000 through the administrative remedy procedure, which differs from the disciplinary board appeal process, and provided no reason for the delay in seeking that appeal. The Commissioner further stated, "to state that the rule violation was deemed unconstitutional is to argue the disciplinary board had no basis upon which to issue [a] finding of guilt—that is an evidentiary argument that must be appealed through the disciplinary board appeals process." Furthermore, the Commissioner determined that there was no evidence in the administrative record that Johnson was charged with a "threat to security" but rather a Rule #1 violation. Following the Commissioner's amended report pursuant to La. R.S. 15:1177(A)(5) and (9), the district court adopted the amended report after a *de novo* review of the record, and signed an amended judgment in accordance therewith on July 24, 2019,

---

[9] The Department previously denied this allegation in the second step response, stating that Johnson had "been receiving incentive wages according to policy and this disciplinary report has no mention of Loss [sic] Wages, nor does the Giles v. Cain decision."

dismissing Johnson's appeal with prejudice. It is from this judgment that Johnson appeals.

## DISCUSSION

Johnson asserts two assignments of error. First, he argues that an absolutely "null and void administrative disciplinary adjudication may be shown in a collateral proceeding, as well as on judicial review of an agency determination, at any time where defects of vice are patent on face of papers or proceedings—leading up to it." Second, Johnson asserts that the penal rule "threat to security," within the meaning of La. R.S. 49:951(6)[10] and 49:954(A) and (B),[11] was repealed by judicial decree and therefore unenforceable for a subsequent penal adjudication, thereby making the subsequent penal adjudication null and void on its face.

Johnson's 2019 amended petition for judicial review of LSP 2016-0580 was filed in accordance with Corrections Administrative Remedy Procedure, La. R.S. 15:1171, *et seq.* with the 19th JDC. Louisiana Revised Statute 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the Department's administrative decisions. A review is mandated to be conducted by the district court without a jury and must be

---

[10] Louisiana Revised Statute 49:951(6) states:

"Rule" means each agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency and those purporting to adopt, increase, or decrease any fees imposed on the affairs, actions, or persons regulated by the agency, which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency. "Rule" includes, but is not limited to, any provision for fines, prices or penalties, the attainment or loss of preferential status, and the criteria or qualifications for licensure or certification by an agency. A rule may be of general applicability even though it may not apply to the entire state, provided its form is general and it is capable of being applied to every member of an identifiable class. The term includes the amendment or repeal of an existing rule but does not include declaratory rulings or orders or any fees.

[11] Louisiana Revised Statute 49:954(A) and (B) provide the procedure for publication of all Rules adopted by any agency.

confined to the record. La. R.S. 15:1177(A)(5). Specifically, the district court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by an abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); *Lightfoot v. Stalder,* 2000-1120 (La. App. 1st Cir. 6/22/01), 808 So. 2d 710, 715-716, *writ denied,* 2001-2295 (La. 8/30/02), 823 So. 2d 957.

On review of the district court's judgment under La. R.S. 15:1177, the appellate court reviews the administrative record *de novo,* owning no deference to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *Addison v. Louisiana Dep't of Corr.,* 2015-1069 (La. App. 1st Cir. 2/26/16), 191 So. 3d 1077, 1078; *McCoy v. Stalder,* 1999-1747 (La. App. 1st Cir. 9/22/00), 770 So. 2d 447, 450-451.

Both of Johnson's assignments of error pertain to his argument that the disciplinary action that occurred on June 6, 2000, was an absolute nullity and unenforceable since it occurred after the June 2, 2000 date of the Louisiana Supreme Court decision in *Giles.* Therefore, he claims that his incentive wages cannot be impacted by an absolutely null judgment. Johnson asserted in his original petition for judicial review, filed April 27, 2016, that the disciplinary board decision was an absolute or relative nullity pursuant to La. C.C.P. arts. 2002

11

and 2004. On appeal, he argues that the disciplinary adjudication stemming from the June 6, 2000 disciplinary report is absolutely null.

We first recognize that Johnson made the same arguments regarding nullity in *Johnson II*, which also pertained to the June 6, 2000 disciplinary report that is at issue in this matter. Even though the underlying ARP at issue in *Johnson II* bears a different number, LSP 2003-3946, it also involved the June 6, 2000 disciplinary report. After the district court dismissed with prejudice the petition for judicial review of LSP 2003-3946, *Johnson I* affirmed that dismissal. Thereafter, Johnson filed a petition to annul the district court judgment, contending that the judgment was an absolute nullity based upon Louisiana Supreme Court decision in *Giles*. Johnson asserted that the rule violation he was found guilty of in June 2000, "threat to security," was an invalid rule violation. Therefore, he argued that the district court judgment dismissing his petition for judicial review was an absolute nullity. *Johnson II*, 999 So. 2d at 52.

Without discussing the differences between an absolutely null judgment, La. C.C.P. art. 2002, and a relatively null judgment, La. C.C.P. art. 2004, this court recognized that the arguments of Johnson pertained to a relatively null judgment. *Johnson II*, 999 So. 2d at 52. Louisiana Code of Civil Procedure article 2004, permits any final judgment obtained by fraud or ill practices to be annulled, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. *Johnson II*, 999 So. 2d at 52. This court stated that an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. *Johnson II*, 999 So. 2d at 53. In affirming the denial of the petition to annul, this court noted that Johnson raised the identical

12

argument concerning the "threat to security" rule violation during the administrative review process and in his appeal of the district court's judgment and was unsuccessful in both attempts. He then filed a petition to annul—raising the issue for the third time. *Id.* In *Johnson II*, this court recognized that an action in nullity is to prevent injustice that cannot be corrected through new trials and appeals. Furthermore, Johnson's petition for nullity sought to present more of the same evidence on the same factual issues that had already been reviewed by both the district court and this court. *Id.* A plaintiff is not entitled to keep "retrying" the same issues until he obtains a favorable result. *Id.*

Therefore, this court has already determined that Johnson's "threat to security" rule violation was not a relative nullity. Johnson has now filed the instant ARP claiming that the "threat to security" rule violation was an absolute nullity. A vice of form renders the judgment an absolute nullity if the final judgment is rendered:

> (1) Against an incompetent person not represented as required by law.
>
> (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken.
>
> (3) By a court which does not have jurisdiction over the subject matter of the suit.

La. C.C.P. art. 2002.

While relatively null judgments must be attacked directly and within the time limitation set forth in La. C.C.P. art. 2004, absolutely null judgments may be attacked collaterally, at any time, by rule or by any other method. Such a collateral attack may include the assertion of the absolute nullity of a judgment as an affirmative defense, such as in an answer, by exception, or by contradictory rule or

motion. *In re J.E.T.*, 2016-0384 (La. App. 1st Cir. 10/31/16), 211 So. 3d 575, 581. However, the grounds for an absolute nullity based on vices of form listed in La. C.C.P. art. 2002 are exclusive. *M.P.W. v. L.P.W.*, 2013-0366 (La. App. 1st Cir. 11/1/13), 136 So. 3d 37, 44. None of the grounds provided in La. C.C.P. art. 2002 are present in the instant matter. Furthermore, what Johnson is really arguing is that the June 6, 2000 disciplinary report was obtained by either fraud or ill practices or an improper practice or procedure, all of which pertain to a relative nullity, which this court already determined was inapplicable in *Johnson II*.

We further note that Johnson is attempting to have this court deem an action of the Department an absolute nullity. In *Save Our Wetlands, Inc. v. Dep't of Envtl. Quality*, 2000-2809 (La. App. 1st Cir. 2/15/02), 812 So. 2d 746, 747, *writ denied*, 2002-1230 (La. 8/30/02), 823 So. 2d 953, we detailed the differences between the different branches of government as follows:

> [Louisiana Constitution of 1974, article II, Section 1] provides that "(T)he powers of government of the state [of Louisiana] are divided into three separate branches: legislative, executive, and judicial." [Louisiana Constitution of 1974, article IV provides for the executive branch of state government and provides, in pertinent part, in Section 1(B) that "all offices, agencies, and other instrumentalities of the executive branch... shall be allocated according to function within not more than twenty departments".

Pursuant to this constitutional mandate, the Louisiana Department of Public Safety and Corrections is a department of the executive branch of the state, La. R.S. 36:4(8). The authority and administrative powers of the Department are provided for in La. R.S. 36:401 *et seq.* Statutory authority for the administrative remedy

procedure adopted by the Department is located in La. R.S. 15:1171 *et seq.*[12]; *Sims v. Wackenhut Health Servs., Inc.*, 97-1147 (La. App. 1st Cir. 2/20/98), 708 So. 2d 1140, 1142, *writ denied*, 98-0747 (La. 5/1/98), 718 So. 2d 417.

In *Save Our Wetlands, Inc.*, 812 So. 2d at 748 (emphasis in original), we held that "the action of nullity is available in a *court* to modify a *judgment* of a *court.*" Furthermore, "[a] department in the executive branch is not a court in the judicial branch." *Id.* Similar to *Save Our Wetlands, Inc.*, the disciplinary adjudication of which Johnson complains is not a judgment of a court. Johnson is not attempting to nullify a *judgment* of a *court* in the judicial branch; rather, he is attempting to have the judicial branch nullify a final disciplinary action of a department of the executive branch. The decision being challenged is not a judgment of a court and La. C.C.P. art. 2002 is not applicable. *See Save Our Wetlands, Inc.*, 812 So. 2d at 748.

We further find upon our *de novo* review that Johnson has failed to show that his substantial rights were prejudiced. *See* La. R.S. 15:1177(A)(9). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of

---

[12] Pursuant to La. R.S. 15:1171, the Department has promulgated rules for the handling of prisoner disciplinary matters entitled "Disciplinary Rules and Procedures for Adult Offenders" found in Louisiana Administrative Code Title 22, Part 1, Sections 341 *et seq.* The Disciplinary Rules provide the procedural requirements for appeals of decisions by the Disciplinary Board, which is referred to as the "high court." LAC 22:I.341(H)(1)(a)(i). All appeals of "high court" cases must be made to the Warden within 15 calendar days of the hearing. LAC 22:I.341(H)(1)(b)(i) and (ii). The Warden decides the appeals within 30 calendar days of the receipt of the appeal. LAC 22:I.341(H)(1)(b)(iv). If the inmate is dissatisfied with the decision of the Warden, he indicates he is "not satisfied" on the form, which effectuates an appeal to the Secretary. LAC 22:I.341(H)(1)(c)(i) and (ii). The Secretary has 85 days to decide the appeal. LAC 22:I.341(H)(1)(c)(ix). An inmate who does not file an appeal with the warden in a timely manner relinquishes his right to appeal to the Secretary. LAC 22:I.341(H)(1)(a)(iv). Johnson was required to follow the disciplinary procedures set forth in LAC 22:I.341.

misconduct falls within the expected perimeters of the sentence imposed by a court of law. *Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). In Louisiana, prison officials are accorded wide latitude in the administration of prison affairs. Only in extreme cases will courts interfere with the administration of prison regulations or disciplinary procedures. *Watts v. Phelps*, 377 So. 2d 1317, 1320 (La. App. 1st Cir. 1979), *writ denied*, 380 So. 2d 1210 (La. 1980). A court may intervene and reverse and/or modify the decision of the Department only if substantial rights of the petitioner have been prejudiced. A substantial right is limited to one in which the petitioner has a "liberty" or due process interest. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin*, 515 U.S. at 478, 115 S.Ct. at 2297. Confinement to disciplinary segregation was held not to "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.*, at 515 U.S. at 486, 115 S.Ct. at 2301; *see Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (if the punishment does not affect the date of eventual release and is not a dramatic departure from expected maximum-security prison life, due process merely requires the prisoner to be given the opportunity to give his version of the incident).

Thus, in order for Johnson's petition to state a cognizable claim for judicial review of a disciplinary matter, it must allege facts demonstrating that his "substantial rights" were prejudiced by the agency's decision. *Dorsey v. Louisiana Dep't of Pub. Safety & Corr.*, 2018-0416 (La. App. 1st Cir. 9/24/18), 259 So. 3d 369, 370; *see Drake v. Louisiana Dep't of Pub. Safety & Corr.*, 2016-1356 (La. App. 1st Cir. 6/2/17), 222 So. 3d 1272, 1274 (The disciplinary sentence of four

16

weeks loss of canteen privileges and restitution in the amount of $39.75 are not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice plaintiff's substantial rights); *Lewis v. Louisiana Dep't of Pub. Safety & Corr.*, 2019-0018 (La. App. 1st Cir. 9/27/19), 2019 WL 4729511, at *1-2 (unpublished) (It is well settled that a change of custody status and loss of yard privileges do not constitute atypical or significant hardships in relation to the ordinary incidents of prison life and do not prejudice an inmate's substantial rights).

The Department has established Rule #1, which forbids contraband, and has classified the infraction as a schedule B offense, which is punishable by up to 30 days of cell confinement and failure to earn incentive wages for up to one year. LAC 22:I.341(I) & (K)(2)(c). The disciplinary sentence of a loss of incentive wages and a custody change to maximum security confinement is not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice Johnson's substantial rights. Thus, modification or reversal of the disciplinary action by the Department was not warranted under the law. *See Alford v. Leblanc*, 2009-0666 (La. App. 1st Cir. 10/23/09), 2009 WL 3465245, at *1 (unpublished); *Parker v. Leblanc*, 2002-0399 (La. App. 1st Cir. 2/14/03), 845 So. 2d 445, 446.

The judgment of the district court is affirmed to dismiss this matter with prejudice. All costs of this appeal are assessed against Walter E. Johnson, Jr.

**AFFIRMED.**