# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 25-292 consolidated with 25-329

**TOWER CREDIT, INC.**

**VERSUS**

**BEATRICE JOHNSON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE CITY COURT, NO. 2023CV3647
HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM
THE LOUISIANA SUPREME COURT
NO. 2025-01639

\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Gary J. Ortego, and Wilbur L. Stiles, Judges.

**REVERSED.**

**George D. Fagan**
**Leake Andersson, L.L.P.**
**1100 Poydras Street, Suite 1700**
**New Orleans, LA 70163**
**(504) 585-7500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**AFNB Home Care, LLC**

**Cranay D. Murphy**
**Leake Andersson, L.L.P.**
**3861 Ambassador Caffery Parkway, Suite 175**
**Lafayette, LA 70503**
**(337) 233-7430**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**AFNB Home Care, LLC**

**Richard David Bankston**
**Attorney at Law**
**427 South Foster Drive**
**Baton Rouge, LA 70806**
**(225) 346-1999**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Tower Credit, Inc.**

**GREMILLION, Judge.**

For the reasons set forth in 25-329 in this consolidated matter, the judgment of the trial court is reversed.

**REVERSED**.

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 25-329 consolidated with 25-292

TOWER CREDIT, INC.

VERSUS

BEATRICE JOHNSON

**********

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE CITY COURT, NO. 2023CV3647
HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE

**********

ON REMAND FROM THE
LOUISIANA SUPREME COURT
NO. 2025-01639

**********

**SHANNON J. GREMILLION
JUDGE**

**********

Court composed of Shannon J. Gremillion, Gary J. Ortego, and Wilbur L. Stiles, Judges.

**REVERSED.**

**George D. Fagan**
**Leake Andersson, L.L.P.**
**1100 Poydras Street, Suite 1700**
**New Orleans, LA 70163**
**(504) 585-7500**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **AFNB Home Care, LLC**
**Cranay D. Murphy**
**Leake Andersson, L.L.P.**
**3861 Ambassador Caffery Parkway, Suite 175**
**Lafayette, LA 70503**
**(337) 233-7430**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **AFNB Home Care, LLC**

**Richard D. Bankston**
**Attorney at Law**
**427 South Foster Drive**
**Baton Rouge, LA 70806**
**(225) 346-1999**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Tower Credit, Inc.**

**GREMILLION, Judge.**

On remand from the supreme court, we are instructed to address the errors we found moot in *Tower Credit, Inc. v. Johnson,* 25-329 c/w 25-292 (La.App. 3 Cir. 12/03/25), 425 So.3d 457, *rev'd*, 25-1639 (La. 4/21/26), __ So.3d __. AFNB Home Care, LLC, appealed the judgment rendered against it for $10,990.64 relating to the wage garnishment of its former employee, Beatrice Johnson, in favor of Tower Credit. Tower Credit also appealed the judgment. We affirmed in part and remanded with instructions finding that the trial court correctly reconsidered the judgment *pro confesso* relating to the calculation of interest but remanded to allow AFNB the opportunity to disprove the prima facie presumption and present evidence of the actual amount of indebtedness for failing to remit garnishment payments to Tower Credit pursuant to La.Code Civ.P. art. 2413(B). We found an absurd result would be had if AFNB was cast with a nearly $11,000.00 judgment for failing to remit $665 in garnishment payments related to a decades-old debt based on Johnson's non-exempt earnings during the fourteen-week period she was employed at AFNB. Tower Credit applied for supervisory writs to the supreme court assigning as error:

1. The Third Circuit Court of Appeal erred by grossly misinterpreting this Court's recent guidance in *First Pay v. Dukes*, 24-1565 (La. 10/24/25), __ So.3d __, 2025 WL 2990290 and creates a multi-factor judicial gloss that reads La.R.S. 13:3923(B) out of La.R.S. 13:3923, rendering it superfluous and practically nonexistent.

2. The Third Circuit Court of Appeal erred by affirming the Lafayette City Court's erroneous application of La.R.S. 13:3923(A) to "reopen" a final judgment rendered pursuant to La.C.C.P. art. 2413 after the appeal deadlines had run and no motion for new trial had been requested, in violation of La.R.S. 13:3923(B) which expressly prohibits such action.

The supreme court granted writs, reversed, and remanded stating:

[I]t is only in the rare case that the clear and unambiguous language of a statute will not be applied. *Dukes*, 421 So.3d at 948 n.5; *Pumphrey v. City of New Orleans*, 05-0979 (La. 4/4/06), 925 So.2d 1202, 1211; *see also* La.Civ.Code art. 9. *Dukes* was such a case; however, it is strictly limited to its particularly unusual facts. Beyond those facts, *Dukes* does not authorize courts to circumvent the application of La.R.S. 13:3923(B) and vacate judgments *pro confesso* based on equity. *See Tower Credit, Inc. v. Morris*, 24-0269 (La.App. 1 Cir. 12/18/25), 2025 WL 3678016 (unpublished), *writ denied*, 26-0094 (La. 4/9/26), __ So.3d__;[1] *First Pay, Inc. v. Guy*, 24-1220 )La.App. 1 Cir. 12/17/25), 2025 WL 3650632 (unpublished), *writ denied*, 26-00068 (La. 3/31/26), __ So.3d __ (2026 WL 874713).[2]

---

1     In *Morris*, the trial court reopened a judgment *pro confesso* pursuant to La.R.S. 13:3923(A) and the court of appeal, en banc, reversed finding La.R.S.13:3923(B) applicable. We note that two judges in *Morris* dissented finding our reasoning persuasive that casting employers with an employee's full debt is absurd and contrary to jurisprudence that employers are not the guarantors of their employees' debts. Judge Miller stated:

I believe our review of this important legal issue, which impacts employers/job creators throughout Louisiana, cannot turn upon a flippant "they should have answered" type of analysis. Today's result inflicts punishment, pure and simple, upon a small Louisiana business, in a manner that I find inconsistent with fundamental principles of law. Today's result is not absurd because the debtor failed to disclose information to the court, it is absurd because it elevates the creditor over the employer, imposes a $65,956.16 plus judgment against an employer who is not indebted to the creditor, and prevents the employer from reopening the matter as permitted by La. R.S. 13:3923(A). All this, while the Supreme Court has directed we do otherwise under similar circumstances.

Finally, I echo the following sentiments of the trial court, "I have a hard time believing that our law, which is meant to be fair and just to everyone, would hold people who didn't have [the debtor's property] hold them liable for it and take, essentially, their entire livelihood to pay a debt of a third party."

2     In *First Pay v. Guy*, the appellate court reversed the city court's reopening of the judgment *pro confesso* and reinstated the $27,439.49 judgment against the employer even though the debtor last worked for the employer on October 14, 2022, and the garnishment petition was filed on November 2, 2022. The appellate court, noting it was constrained by *First Pay v. Dukes,* stated (footnote omitted):

Industrial submitted only an affidavit in support of its motion to reopen the garnishment proceeding. The affidavit stated that Industrial did not employ Mr. Guy, but did not address whether Industrial had any of Mr. Guy's property or effects in its possession or control. Moreover, Industrial did not provide its sworn answers to the garnishment interrogatories, two of which concerned this issue. Although Industrial stated in its memorandum that it had no property or effects in its possession belonging to Mr. Guy, it did not offer evidence to support these allegations. In contrast, in **Dukes**, Quantix submitted its sworn answers to interrogatories and two affidavits to establish that it did not employ Mr. Dukes, it was not indebted to him, and it did not have his property in its possession. ___ So.3d at ___. The application of La. R.S. 13:3923(B) to the facts in this case does not produce the absurd result the supreme court discussed in Dukes, where the city court was not informed at the *pro confesso* hearing that Quantix had submitted sworn answers to Mr. Bankston before the hearing establishing that it did not

2

The court of appeal explained that Tower Credit acquiesced in reopening the judgment *pro confesso* for the sake of judicial economy for the limited purpose of modifying the imposition of interest. *Tower Credit, Inc. v. Johnson*, 25-292 (La. App. 3 Cir. 12/3/25), 425 So. 3d 457, 461.The court of appeal erred in finding an absurd result would be reached if the trial court's judgment was allowed to stand and in remanding for a hearing to allow the garnishee to present evidence of its indebtedness. There is no allegation in this case that material information was withheld from the court when it rendered judgment. Nor does the garnishee dispute that it was at one time the employer. In short, the unique circumstances present in *Dukes* are not present here. Under the facts of this case, application of the clear and unambiguous language of La. R.S. 13:3923 does not lead to an absurd result.

Accordingly, we grant the writ application and reverse the judgment of the court of appeal. We remand to the court of appeal for consideration of the assignments of error it pretermitted as moot based on its erroneous ruling.

*Id.* at ___.

## DISCUSSION

The supreme court states that we erred in affirming the trial court's reopening of the judgment *pro confesso* to recalculate interest which reduced AFNB's indebtedness from $44,869.20 to $10,990.64. Thus, the supreme court found merit in Tower's assignments of error that the trial court should not have reopened the judgment *pro confesso* of June 27, 2024, and that it erred in changing the start date for the accrual of interest and in changing the interest rate from the underlying contract rate to legal interest. The trial court "reopened" the judgment *pro confesso* based on paragraph A of La.R.S. 13:3923, which pursuant to Part B does not apply to judgments *pro confesso*. Accordingly, pursuant to the supreme court's ruling, the original *pro confesso* judgment of $44,869.20 in favor of Tower is reinstated.

---

employ Mr. Dukes, nor was it indebted to him or in possession or control of his property. See **Dukes**, ___ So.3d at ___. Therefore, in this case, pursuant to La. R.S. 13:3923, the city court erred in granting Industrial's motion to reopen the garnishment proceeding and vacating the judgment *pro confesso*.

3

# MOOT ASSIGNMENTS OF ERROR

AFNB assignments of error were as follows:

1. The trial court erred by failing to enter an amended judgment based only on the $665.39 in garnishable wages due to Tower Credit in connection with AFNB's former employment of Beatrice Johnson, in accordance with the laws specifically applicable to the garnishment of wages, La.R.S. 13:3921, et seq., and further erred by relying on La. C.C.P. art. 2413 to grant relief to Tower Credit based on the $7,746.96 principal amount due by Beatrice Johnson under the original 2007 judgment, even though AFNB responded to the garnishment interrogatories prior to the hearing and for the other reasons set forth herein.

2. The trial court erred in sustaining Tower Credit's exception of no cause of action and dismissing AFNB's petition for nullity, despite AFNB's well-pleaded allegation of ill practices and procedural irregularities that, if proven, would entitle AFNB to relief under La. C.C.P. arts. 2002 and 2004.

3. Whether the trial court erred by failing to annul the Judgment Pro Confesso under La.C.C.P. arts. 2002 and 2004, where the judgment was obtained through ill practices, specifically because Tower Credit sought and obtained the entry of a judgment against AFNB as a garnishee for the full amount then due under the original 2007 judgment, plus additional relief, despite knowing that AFNB no longer employed the debtor and that its potential liability as a garnishee was limited to $665.39, and the court's entry of judgment without regard to the limited garnishment exposure disclosed in the record, resulting in a fundamentally inequitable, unconstitutional, unjust, penal and punitive outcome.

4. Whether the trial court erred by denying AFNB's Motion for New Trial despite clear evidence of procedural irregularities, including the imposition of improper and unconstitutional penalty and punitive damages not specifically or unambiguously authorized by any applicable law and in disregard AFNB's interrogatory responses disclosing its limited potential liability as a garnishee.

Assignment of error one is rendered moot by the supreme court's ruling. The remaining assignments of error relate to AFNB's claim that the trial court erred in sustaining Tower Credit's exception of no cause of action and dismissing AFNB's petition for nullity despite its allegations of ill practices and procedural irregularities resulting in a "fundamentally inequitable, unconstitutional, unjust, penal and

4

punitive outcome" that warrants an absolute nullity. For the same reasons, AFNB argues that the trial court erred in denying its motion for new trial. All of these arguments rest on the premise that the creditor acted unlawfully or in some way contrary to law. The supreme court has ruled that it did not. While we agree that the outcome is extremely harsh, we are constrained by the supreme court's finding. The supreme court has made clear that La.R.S. 13:3923(B) expresses the legislature's intent to allow for the for the imposition of an entire underlying judgment, interest, and costs in favor of the creditor regardless of the amount that should have been garnished by the employer. There can be no doubt that "*Dukes* does not authorize courts to circumvent application of La.R.S. 13:3923(B) to reopen garnishment proceedings and vacate judgments *pro confesso* based on equity." *Id.* at ___.

The employer's penalty is that it becomes the debtor, liable for the full amount of the employee's debts including the judgment, interest, and costs when it fails to answer interrogatories and attend the judgment *pro confesso* hearing. *See* La.Code Civ.P. art. 2413(A). An "ill practice" occurs when a judgment is obtained through an improper procedure or practice that deprives a party of a legal right, even if done innocently. *Mike v. Bob's Painting*, 07-2190 (La.App. 1 Cir. 9/26/08), 955 So.2d 43.

> A judgment is subject to nullification for fraud or ill practices when two criteria are met: (1) the circumstances under which the judgment was rendered show a deprivation of the legal rights of the litigant seeking relief; and (2) enforcement of the judgment would be unconscionable or inequitable. *Mississippi Farm Bureau Mut. Ins. Co. v. Bailey*, 2001–0674, p. 3 (La.App. 1 Cir. 3/28/02), 818 So.2d 214, 216.

*Id.* at 47.

In this case, though, AFNB failed to exercise its rights because it did not respond to the garnishment interrogatories in a timely fashion or make an appearance at the *pro confesso* hearing. It was not prevented from asserting its claims or defenses. AFNB does not allege that Tower Credit withheld any information from the court nor does it dispute that it was Johnson's employer. It alleges no other activity other than that which the supreme court has deemed acceptable pursuant to legislation. Accordingly, we are constrained from finding any ill practice occurred, and the trial court did not err in sustaining Tower Credit's exception of no cause of action and denying AFNB's petition for nullity and motion for new trial.

## CONCLUSION

The trial court's judgment reducing the interest awarded to Tower Credit, Inc. is reversed and its original judgment of $44,869.20 is reinstated. The trial court's grant of Tower Credit's exception of no cause of action, denial of AFNB's petition for nullity, and denial of AFNB's motion for new trial are affirmed. All costs of this appeal are assessed to AFNB Home Care, LLC.

**REVERSED**.